UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BERNARD WILSON, et al.,

          Plaintiffs,

-v-

CITY OF SPRINGFIELD, OHIO, et al.,

          Defendants.

Case No. 3:08-cv-087

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE CLAIMS OF PLAINTIFF BERNARD WILSON (Doc. #11)**

---

This is a civil rights action that arises out of the arrest of Plaintiffs Bernard Wilson ("Wilson") and Chastity Jessee ("Jessee") in Springfield, Ohio, on March 18, 2007. The Defendants identified in the Complaint are the City of Springfield, and Springfield police officers Thomas Chrisman, Brett Bauer, Mike Fredendall and Doug Pergram.

The Plaintiffs bring eight Claims for Relief. (Doc. #1.) The First is for civil rights violations pursuant to 42 U.S.C. § 1983, the Second is for conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985(3), the Third is a substantive due process claim, the Fourth is a procedural due process claim, the Fifth is for race discrimination in violation of 42 U.S.C. § 1981, the other Fifth[1] is for malicious prosecution, the Sixth is for false arrest and the Seventh is for false imprisonment. Plaintiffs' punitive damage claim against the City of Springfield and Plaintiffs' Fifth (for malicious prosecution), Sixth and Seventh claims against the City of Springfield have subsequently been dismissed. (Doc. #13.)

---

[1]The Complaint has two (2) Fifth Claims.

Now before the Court is Defendants' Motion for Partial Summary Judgment. Therein, the Defendants seek summary judgment on Wilson's claims. (Doc. #11.) This Motion is now fully briefed and ripe for decision. The standard of review for motions for summary judgment will first be set forth followed by a summary of the relevant facts and an analysis of the Motion.

## STANDARD OF REVIEW

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and the associated caselaw. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Thus, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the

nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, §2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

However, the mere existence of a scintilla of evidence in support of the nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id.* The inquiry, then, is whether reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not …obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th

Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties. The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed. R. Civ. P. 56(c).

## RELEVANT FACTUAL BACKGROUND

The Complaint in this case was filed on March 14, 2008. On April 25, 2008, Wilson filed a Voluntary Petition for Bankruptcy in the United States Bankruptcy Court of the Southern District of Ohio, Western Division. (Case No. 08-31988 doc. #1.) The Bankruptcy Court immediately noticed Wilson that his bankruptcy petition was deficient for failure to file certain information regarding his creditors and certain information regarding his assets and liabilities. (Case No. 08-31988 doc. # 2 and 3.) The Bankruptcy Court also immediately notified Wilson that he had used an out-of-date form for his petition. (Case No. 08-31988 doc. #4.)

On April 30, 2009, Wilson filed a new Voluntary Petition for Bankruptcy using the correct form. (Case No. 08-31988 doc. #12.) On that same date, Wilson filed a Statement of Financial Affairs. (Case No. 08-31988 doc. #14.) Therein, when asked to list all suits and administrative proceedings to which Wilson is or was a party within one year of bankruptcy filing, Wilson responded "None." On that same date, Wilson also filed a Chapter 7 Statement of Current Income and Means-Test Calculation. (Case No. 08-31988 doc. #16.) Finally, on that same date, the record includes a letter from Wilson to the Bankruptcy Court that transmits the new form, indicates that Wilson is pro se and asks to be advised if anything is "missing or not done correctly."

On May 3, 2009, the Bankruptcy Court entered a Notice of a meeting of Wilson's creditors. (Case No. 08-31988 doc. # 21.) This meeting was scheduled for June 20, 2008.

On May 12, 2009, Wilson filed a Summary of Schedules. (Id. doc. #23.) None of the schedules were attached nor did Wilson indicate that any of the schedules were attached. On that same date, Wilson filed a Statistical Summary of Certain Liabilities. (Id. doc. #24.)

On May 16, 2009, the Bankruptcy Court dismissed Wilson's bankruptcy proceeding for failure to file required documents. (Id. doc. #29.) This Order specifically indicates that Wilson failed to file Schedules of Assets and Liabilities.

On May 22, 2009, Wilson filed Schedules A-J. (Id. doc. #32.) The Bankruptcy Court closed Wilson's bankruptcy case on June 2, 2008. (Id.) The transaction receipt closing Wilson's bankruptcy case indicates, "It appearing that the bankruptcy estate has been fully administered, the trustee is therefore discharged, and the case is closed by the U.S. Bankruptcy Court, Southern District of Ohio."

## MOTION FOR PARTIAL SUMMARY JUDGMENT

The Defendants seek partial summary judgment on Wilson's claims arguing that he is judicially estopped from asserting those claims in this action because he filed a Voluntary Petition for Bankruptcy without disclosing the existence of his claims in this case. The relevant legal provisions will first be set forth followed by an analysis of the Defendants' Motion.

### Relevant Legal Provisions

"The doctrine of judicial estoppel bars a party from asserting a position that is contrary to one the party has asserted under oath in a prior proceeding, where the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Eubanks v.*

*CBSK Financial Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004)(quoting *Teledyne Industries, Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). It is an equitable doctrine intended to preserve the integrity of the courts by preventing a party from abusing the judicial process by achieving success on one position and then arguing the opposite position to suit an "exigency" of the moment. *Id.* However, judicial estoppel is applied with caution to "avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement." *Id.*(citing *Teledyne*, 911 F.2d at 1218).

The "prior adoption" requirement does not mean that the party against whom the judicial estoppel doctrine is to be invoked must have prevailed on the merits." *Reynolds v. Commissioner of Internal Revenue*, 861 F.2d 469, 473 (6th Cir. 1988). Prior adoption means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition. *Id.*(citing *Edwards v. Aetna Life Insurance Co.*, 690 F.2d 595, 599 (6th Cir. 1982)).

Regarding the issue at hand, a debtor has an affirmative duty to disclose all of its assets to the bankruptcy court. *Eubanks*, 385 F.3d at 897(citing 11 U.S.C. § 521(1)). The success of the bankruptcy laws requires a debtors full and honest disclosure. *Wallace v. Johnston Coca-Cola Bottling Group*, No. 1:06-cv-875, 2007 WL 927929 at *3 (S.D. Ohio Mar. 26, 2007)

The doctrine of judicial estoppel is not applicable to a failure to disclose all assets if the failure is the result of a mistake or inadvertent conduct. *Eubanks*, 385 F.3d at 898. An omission from bankruptcy filings is a mistake only if it results from ignorance of the factual basis on which the claim rests. *Wallace*, 2007 WL 927929 at *3(citing *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002). Inadvertance occurs when the debtor lacks the knowledge of the factual

basis of an undisclosed claim or where the debtor has no motive for concealment. *Id.*(citing *Browning* , 283 F.3d at 775 (6th Cir. 2002)).

In two recent cases, district courts have granted summary judgment against a debtor who failed to disclose claims to a bankruptcy court and then made those claims in a later proceeding. *Wallace*, 2007 WL 927929; *Randelson v. Kennametal, Inc.*, No. 1:05CV1978, 2006 WL 319647 (N.D. Ohio Nov. 2, 2006). Judicial estoppel was the basis for granting summary judgment in both cases and no mistake or inadvertance was found in either case. The Seventh Circuit has also affirmed a summary judgment based upon judicial estoppel in a case where the debtor did not disclose claims in a bankruptcy based upon the advice of her bankruptcy counsel. *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006). However, summary judgment has been overruled by the Sixth Circuit where the debtor had no motive to fail to disclose assets. *Browning*, 293 F.3d at 776.

### Analysis

The Defendants argue that Wilson is judicially estopped from bringing the claims in this action because he failed to disclose them in his bankruptcy proceeding. Wilson responds that judicial estoppel is not appropriate because Wilson's bankruptcy petition was dismissed prior to a discharge or completion of the bankruptcy and because there is no evidence of bad faith.

The Complaint in this case was filed **before** Wilson's bankruptcy petition. Therefore, if the judicial estoppel doctrine were to be applied, it would be applied in the bankruptcy case. The doctrine of judicial estoppel applies when a party asserts a position in a later case that is contrary to one asserted in a prior case. This case is the "prior" case and the bankruptcy petition is the "later" case.

If judicial estoppel were to be further considered on the merits in this case it would fail. The bankruptcy court cannot be said to have adopted Wilson's statement that there were no suits and administrative proceedings to which Wilson was is or was a party within one year of bankruptcy filing was not adopted by the Bankruptcy Court either as a preliminary matter or as part of a final disposition. The Bankruptcy Court dismissed Wilson's bankruptcy petition long before it entertained any preliminary matters. Wilson's bankruptcy petition was dismissed because he did not file all of the documents that were necessary to begin to process the petition. It is unclear that a judicial officer ever saw Wilson's bankruptcy petition.

This determination is consistent with the policy behind the judicial estoppel doctrine as applied to bankruptcy filings. The judicial estoppel doctrine is intended to preserve the integrity of the courts by preventing a party from abusing the judicial process by achieving success on one position and then arguing the opposite position. In this case, Wilson did not discharge his debts in the bankruptcy court and thus did not gain an unfair advantage.

Also, as a matter of policy, judicial estoppel is applied with caution to avoid impinging on the truth-seeking function of the court. To now dismiss Wilson's claims in this case would prevent an examination of whether his clams are true.

Finally, as a matter of policy, judicial estoppel enables a court to protect itself from manipulation. *See* Honorable William Houston Brown, Lundy Carpenter & Donna T. Snow, *Debtors' Counsel Beware: Use of the Doctrine of Judicial Estoppel In Nonbankruptcy Forums*, 75 Am Bankr. L.J. 197, 217 (2001). In this case, there was no manipulation because Wilson's bankruptcy petition was dismissed without discharging any of his debts.

## CONCLUSION

Judicial estoppel is not applicable in this case. There are no genuine issues of material fact and the Defendants are not entitled to judgment as a matter of law. The Defendants Motion for Partial Summary Judgment (doc. #11) is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio this Fifteenth day of June, 2009.

**s/Thomas M. Rose**
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record